IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD BUCKNER,** )<br>　　　　　　　　　　　　　　　　　) <br>　　　　　**Plaintiff**, 　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>**E.I. du PONT de NEMOURS and** )<br>**COMPANY; BULWARK** 　　　　　)<br>**PROTECTIVE APPAREL;** 　　　　)<br>**AMERIPRIDE UNIFORM SERVICE;** )<br>**and DOES 1-100, Inclusive,** 　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　**Defendant**. 　　　　　　　)<br>_____) | CIV- F-05-0156 AWI SMS<br><br>**ORDER DISMISSING E.I. DU PONT DE NEUMOURS DUE TO PLAINTIFF'S RULE 41(a)(1)(ii) VOLUNTARY DISMISSAL** |

　　　On August 2, 2005, Plaintiff filed a notice of voluntary dismissal without prejudice as to only Defendant E.I. Du Pont de Nemours ("Du Pont") pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).  The notice is signed by each party who has appeared in this case.

　　　Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily after service of an answer by filing a written stipulation to dismiss signed by all of the parties, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d

1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing 41(a)(1)(i)).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice."  Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

   Because Plaintiff has filed a voluntarily dismissal under Rule 41(a)(1)(ii) as to Du Pont that is signed by all parties who have made an appearance, this case has terminated as to Du Pont only.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; Wilson, 111 F.3d at 692.

   Therefore, IT IS HEREBY ORDERED that Defendant E.I. Du Pont de Nemours is DISMISSED from this case in light of Plaintiff's filed and properly signed Rule 41(a)(1)(ii) Voluntary Dismissal.

IT IS SO ORDERED.

**Dated:     August 10, 2005**              /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE