1 | **LAW OFFICES OF RICHARD G. TARLOW**
**23679 Calabasas Road, Suite 543**
2 | **Calabasas, CA 91302**
**Tel: (818) 222-1030**
3 | **Fax: (818) 222-6152**

4 | **LAW OFFICES OF LYLE F. GREENBERG**
**6320 Canoga Avenue**
5 | **Suite 1400 - Trillium Tower East**
**Woodland Hills, CA 91367-2562**
6 | **Tel: (818) 884-5100**
**Fax: (818) 884-5288**

RICHARD G. TARLOW, ESQ.
STATE BAR NO.: 72889
LYLE F. GREENBERG
STATE BAR NO.: 110620

Attorneys for Plaintiff, DONALD BUCKNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DONALD BUCKNER, | ) CASE NO. 1:05-CV-00156-AWI-SMS |
|---|---|
| | ) (Complaint filed December 7, 2004) |
| Plaintiff, | ) |
| | ) STIPULATION AND ORDER RE: |
| v. | ) -FILING OF FIRST AMENDED COMPLAINT, |
| | ) -CONTINUING INSPECTION COMPLETION |
| E.I. du PONT de NEMOURS and | ) DATE, DESTRUCTIVE TESTING |
| COMPANY; BULWARK PROTECTIVE | ) COMPLETION DATE |
| APPAREL; AMERIPRIDE UNIFORM | ) -SCHEDULING CONFERENCE ORDER |
| SERVICES; and DOES 1 to 100, Inclusive, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| AND RELATED CROSS-ACTION | ) |
| _____ | ) |

The parties participated in a telephonic conference call with the Honorable Magistrate Judge Sandra M. Snyder on July 13, 2005, at 1:15 p.m. regarding the matters set forth herein.

IT IS HEREBY STIPULATED by and between Plaintiff DONALD BUCKNER and Defendants and Cross-Parties VF IMAGEWEAR, INC. formerly known as BULWARK PROTECTIVE APPAREL; AMERIPRIDE SERVICES, INC. dba AMERIPRIDE UNIFORM

SERVICES, and Cross-Party and SPRINGFIELD LLC by and through their designated counsel as follows:

1. Plaintiff may amend his complaint. The Original First Amended Complaint which Plaintiff shall file is attached hereto and incorporated herein by reference. The First Amended Complaint adds WASHING SYSTEMS, LLC; SYSWA INCORPORATED formerly known as WASHING SYSTEMS, INC.; and SPRINGFIELD LLC as named Defendants in this action;

2. The Inspection Completion date currently scheduled for August 15, 2005 is hereby continued to December 15, 2005, to allow the newly added parties sufficient time to comply and participate;

3. The Destructive Testing Completion date currently scheduled for August 15, 2005 is hereby continued to December 15, 2005, to allow the newly added parties sufficient time to comply and participate; and

4. The present Scheduling Conference Order will be provided to counsel for SYSWA INCORPORATED formerly known as WASHING SYSTEMS, INC.; WASHING SYSTEMS, LLC, who will be required to file their comments to that Order with the Court and all other counsel.

Dated: August 22, 2005                LAW OFFICES OF RICHARD G. TARLOW


BY: /s/ Richard G. Tarlow
Richard G. Tarlow
Attorneys for Plaintiff

Dated: August 22, 2005                LAW OFFICES OF LYLE F. GREENBERG


BY: /s/ Lyle F. Greenberg
Lyle F. Greenberg
Attorneys for Plaintiff

| | | |
|---|---|---|
| 1 | Dated: August 12, 2005 | FORD, WALKER, HAGGERTY & BEHAR |
| 2 | | |
| 3 | | BY: /s/ DeAnn Flores Chase |
| 4 | | James D. Savage, Esq. |
| | | DeAnn Flores Chase, Esq. |
| 5 | | Attorneys for Defendant VF Imagewear, Inc. formerly Bulwark Protective Apparel |
| 6 | | |
| 7 | Dated: August 16, 2005 | ACKER, KOWALICK & WHIPPLE |
| 8 | | |
| 9 | | BY: /s/ Stephen Acker |
| | | Stephen Acker, Esq. |
| 10 | | Attorneys for Defendant Ameripride Services, Inc. dba Ameripride Uniform Services |
| 11 | | |
| 12 | Dated: August 16, 2005 | MUHAR, ROBERTS, FAMA, KRAMER & MONTY |
| 13 | | |
| 14 | | BY: /s/ George Muhar |
| | | George Muhar, |
| 15 | | Attorneys for Cross-Defendant Springfield, LLC |

- 3 -

STIPULATION RE: FIRST AMENDED COMPLAINT,
CONTINUING COMPLETION DATES AND ORDER THEREON

1  **LAW OFFICES OF RICHARD G. TARLOW**
   **23679 Calabasas Road, Suite 543**
2  **Calabasas, CA 91302**
   **Tel:  (818) 222-1030**
3  **Fax: (818) 222-6152**

4  **LAW OFFICES OF LYLE F. GREENBERG**
   **6320 Canoga Avenue**
5  **Suite 1400 - Trillium Tower East**
   **Woodland Hills, CA 91367-2562**
6  **Tel:  (818) 884-5100**
   **Fax: (818) 884-5288**

7
   RICHARD G. TARLOW, ESQ.
8  STATE BAR NO.: 72889
   LYLE F. GREENBERG
9  STATE BAR NO.: 110620

10 Attorneys for Plaintiff, DONALD BUCKNER

11
                    UNITED STATES DISTRICT COURT
12
                    EASTERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| 14  DONALD BUCKNER, | CASE NO. 1:05-CV-00156-AWI-SMS |
| 15          Plaintiff, | (Complaint filed December 7, 2004) |
| 16  v. | **FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES FOR:** |
| 17  E.I. du PONT de NEMOURS and COMPANY (no longer a party); VF | **(1)  GENERAL NEGLIGENCE;** |
| 18  IMAGEWEAR, INC. formerly known as BULWARK PROTECTIVE APPAREL; | **(2)  NEGLIGENT MIS-REPRESENTATION;** |
|     | **(3)  STRICT PRODUCTS LIABILITY;** |
| 19  AMERIPRIDE SERVICES, INC. dba AMERIPRIDE UNIFORM SERVICES; | **(4)  BREACH OF EXPRESS WARRANTY; and** |
| 20  SYSWA INCORPORATED formerly known as WASHING SYSTEMS, INC.; WASHING | **(5)  BREACH OF IMPLIED WARRANTY** |
| 21  SYSTEMS, LLC; and  SPRINGFIELD LLC | |
| 22          Defendants. | |
| 23  _____ | |
| 24  AND RELATED CROSS-ACTIONS | |

25 COMES NOW Plaintiff, DONALD BUCKNER, and for himself and himself alone, alleges:

26                      **PRELIMINARY ALLEGATIONS**

27                  **(COMMON TO ALL CAUSES OF ACTION)**

28     1.    At all relevant times, plaintiff Donald Buckner was and is a resident of the County

- 4 -

FIRST AMENDED COMPLAINT

1  of Kern, State of California and within this Court's jurisdiction.

2      2.    Defendant E.I. du PONT de NEMOURS and COMPANY has been dismissed from this action and the allegations herein do not pertain to said Defendant.

    3.    Plaintiff is informed and believes and alleges thereon that each of the defendants designated herein is responsible in some form or manner for the events and happenings hereinafter referred to.  Said defendants negligently or tortiously caused the injuries and damages to plaintiff, as alleged herein, either through defendants' own conduct or through the conduct of their agents, servants or employees; or, due to said defendants' importation, design, creation, installation, ownership, possession, supervision, maintenance, management, manufacture, repair, inspection, construction, entrustment, distribution and/or sale, use, furnishing, creating, manufacturing, control, design, laundering, dry cleaning, advertising, failure to adequately inspect and provide all necessary and appropriate safeguards, failure to warn of product shortcomings, limitations or life span of the laboratory coat plaintiff was wearing and the other equipment and devices herein, all of which led to, caused or contributed to plaintiff's injuries, as hereinafter set forth.

    4.    At all times herein mentioned, said defendants were acting with the knowledge, permission, consent, authority, acquiescence, subsequent ratification and acceptance of the acts, omissions, failure to warn and/or misconduct of each of the other defendants, and within the course and scope of their position as agents, servants, representatives or employees of each other.

    5.    At all times herein mentioned, each defendant was the agent, servant or employee of the other defendants, and of each other, and was acting at the time within the purpose or scope of said agency or employment, and with the express or implied knowledge, permission, consent or ratification of the remaining defendants.

    6.    All defendants herein, are duly organized and existing under and by virtue of the laws of the State of California or are authorized to do business within said State.  Said defendants were and are authorized to do business, are doing business, and have regularly conducted business in California. Plaintiff alleges that at all times herein mentioned said defendants and each of them were and are engaged in business and/or activities which relate to all of the other defendants by designing, planning, manufacturing, distributing, constructing, supervising, engineering, repairing, laundering,

- 5 -

FIRST AMENDED COMPLAINT

dry cleaning and/or being involved in some aspect of the manufacturing, advertising, designing, and distribution, cleaning, refurbishing, and sale of the products or equipment which was used by plaintiff to protect him while working in the laboratory at Kern Oil & Refining Co. and while testing hazardous products.

7.  At all times herein mentioned defendants, and each of them, had a duty of care to provide safe and appropriate work clothes and protective apparel which would, without possibility of ever being compromised, provide flame-resistant protection to the wearer, such as plaintiff. Such garment should provide a measure of protection to plaintiff such that in the event of an inadvertent spill or accident within the laboratory wherein plaintiff worked, or some other inadvertent exposure to flame that plaintiff would be protected therefrom by virtue of the inherent flame-resistant capabilities and characteristic of the fibers of the material. Further, that such product, in the event that it did burn, would allow quick, easy and safe removal from the wearer such as to not exacerbate burn injuries, such as those sustained by plaintiff. Moreover, the protective garment plaintiff was wearing when injured was designed in such a manner as to be flame-resistant, to resist ignition, and to not continue to burn when removed from the ignition source, for its useful life. The said garment was regularly cleaned and maintained by defendants herein and was designed, manufactured, advertised, wholesaled, retailed and sold and thereafter cleaned and refurbished by defendants herein such as to give plaintiff and plaintiff's employer a false sense of security as to the garment's flame-resistant capabilities and characteristics and therefore its suitability and safety as a lab coat.

8.  At all times herein mentioned, WASHING SYSTEMS, LLC and/or SYSWA INCORPORATED formerly known as WASHING SYSTEMS, INC., (in the aggregate referred to as "WSI") were and are in the business of representing themselves as experts and consultants in the area of the care, cleaning, and maintenance of industrial protective wear including but not limited to the Nomex lab coat that plaintiff was wearing at the time he was injured. Said defendants would and did advise, consult with, recommend and provide what they felt and represented were the appropriate chemicals, solvents, cleaning materials, and amounts thereof, as well as the methodology for appropriate care and maintenance of garments worn by individuals such as plaintiff including the lab coat that he was wearing when so badly burned.

9. Plaintiff is informed and believes and alleges thereon, that as a result of the work, efforts, recommendations, and representations by defendants WSI and Ameripride, that the garment he was wearing when burned, was rendered more susceptible to damage and therefore the wearer more likely to sustain burn injuries; and, that his lab coat, said to be flame resistant, did not offer the protection intended and plaintiff was seriously injured thereby.  Said defendants knew or reasonably should have known, for a period of some months prior to plaintiff's injuries, that the methods and substances that they were recommending and using were not effective in cleaning the Nomex garment plaintiff would wear and that as a result the garment was rendered less effective and less flame resistant, all to plaintiff's detriment.

10. Plaintiff is informed and believes and alleges thereon, that defendant SPRINGFIELD, LLC (hereinafter "SPRINGFIELD") played a role in the manufacturing process of the fabric and the component parts that made up the lab coat that plaintiff was wearing when so badly injured.  Said defendant knew or reasonably should have known of the importance and significance of the garment's alleged protective capabilities to the user and ultimately which was used by plaintiff, with said coat having the following characteristics and qualities:

1. That the said lab coat be made of 100% Nomex and no other fabric;
2. That the closure system of said garment, which was to be used in a potentially hostile work environment, with flammable chemicals nearby, be such as to allow rapid and easy removal of said garment in the event of fire;
3. That the materials and methodology of the closure system be of the highest and best possible materials and design so as to allow the wearer of the said lab coat the ability to rapidly remove it in the event of fire;
4. That any owner, maintainer, user or wearer of the lab coat be advised of the absolute need when cleaning and maintaining said garment to fully and completely remove any potentially flammable residue from the said garment during the cleaning process.

1  11.   On June 3, 2004, and while working as a laboratory technician, with almost five years experience thereat, plaintiff was involved in an incident whereat his lab coat ignited and plaintiff was severely burned thereby.  As a result of the nature and manner in which said lab coat had been cleaned and/or maintained, and also the manner in which it had been designed, constructed, manufactured, wholesaled, advertised and sold into the market, without inspection for defects, and as advertised to plaintiff's employer, Kern Oil & Refining Co., plaintiff was severely injured, as follows:

    a.   Third degree burns over approximately 40% of his body;

    b.   Severe burn above and into the right clavicle;

    c.   Severe burn and injury to the right arm and associated area;

    d.   Severe burn to the head;

    e.   Complete loss of the right ear due to burns;

    f.   Partial hearing loss, right side;

    g.   Associated collateral burns on hands, arms, and trunk of body, as well as associated donor sites for grafting; and

    h.   Severe scarification of right arm, such that there is partial loss of use of right (dominant) arm.

**FIRST CAUSE OF ACTION FOR NEGLIGENCE**

**AGAINST ALL DEFENDANTS**

12.   Plaintiff repeats and realleges each cause of action of this complaint as though fully set forth herein, as well as paragraphs 1-11, inclusive, of this First Amended Complaint.

13.   The conduct and incident giving rise to this lawsuit occurred at plaintiff's place of employment, Kern Oil & Refining Co., located at 7724 E. Panama Lane, Bakersfield, CA  93307-9210.  The said address is located within the County of Kern, State of California and within the judicial district of the Kern County Superior Court.  All of the conduct giving rise to this lawsuit occurred while plaintiff was on the job in the laboratory at said refinery.

14.   Plaintiff is informed and believes and thereon alleges that:

a. Defendant Springfield LLC was the manufacturer of the fabric which was used to make the laboratory coat which the plaintiff was wearing at the time of his injuries and/or designed, manufactured, advertised and introduced the laboratory coat which the plaintiff was wearing at the time of his injuries into the commercial market without inspection for defect.

b. Defendant VF Imagewear, Inc. formerly known as Bulwark Protective Apparel designed, manufactured, advertised and introduced the laboratory coat which the plaintiff was wearing at the time of his injuries into the commercial market without inspection for defect.

c. Defendant Ameripride Services, Inc. dba Ameripride Uniform Services ordered and purchased the laboratory coat which the plaintiff was wearing at the time of his injuries from Defendant VF Imagewear, Inc. formerly known as Bulwark Protective Apparel and then leased it to plaintiff's employer, Kern Oil & Refining Co.

d. Defendant Ameripride Services, Inc. dba Ameripride Uniform Services was responsible for cleaning, laundering, repairing and maintaining the laboratory coat which the plaintiff was wearing at the time of his injuries, and subcontracted with Washing Systems, LLC and/or SysWa Incorporated formerly known as Washing Systems, Inc. to provide said services or to consult regarding said services.

15. The laboratory coat which the plaintiff was wearing at the time of his injuries is believed to have been in service and had been utilized by plaintiff for a period of in excess of one year, or more, and at or about the time of his injuries the lab coat was regularly serviced, cleaned, maintained, dry cleaned, washed and degreased by Ameripride Services, Inc. dba Ameripride Uniform Services and/or by Washing Systems, LLC and SysWa Incorporated formerly known as Washing Systems, Inc., defendants herein.

16. The particular lab coat which plaintiff was wearing was designed and equipped with a five button front closure, with such buttons being made of either plastic, bone or a similar hard

- 9 -

FIRST AMENDED COMPLAINT

1  material and designed to tuck or fit into five opposing slits on the opposite jacket front. Such
2  garment was designed to be flame-resistant and was advertised by defendants as being made from
3  flame-resistant fabrics and components that would resist ignition and would not continue to burn
4  when removed from the ignition source. Said garment was designed for continuous wear for an
5  indefinite period of time. The garment was designed to be machine washable and represented to be
6  constructed of a 100% Nomex IIIa aramid fabric and was made in Honduras.

7        17. On or about June 3, 2004, and while performing tests on petroleum products in the
8  laboratory wherein plaintiff was employed, an incident occurred wherein plaintiff was caught on fire
9  while wearing defendant's lab coat, thereby leading to and causing the injuries hereinabove set forth.
10 As a result thereof, plaintiff is permanently scarred and injured, and psychologically scarred and has
11 lost his right ear, as well as diminished hearing capability, among other things.

12       18. On or about June 3, 2004, while performing laboratory tests of petroleum products
13 as part of his normal job duties, plaintiff was completely engulfed in flame while wearing a
14 laboratory coat designed, manufactured, distributed, advertised and/or cleaned and maintained by
15 defendants, and each of them. Said laboratory coat was designed to be and was advertised and held
16 out to the world as being flame-resistant and that it would resist ignition and would not continue to
17 burn when removed from the ignition source. While not specifically set forth, the said garment
18 purported to have an indefinite life cycle.

19       19. As a result of the severe, permanent and disabling burn injuries sustained by plaintiff,
20 and the complete and total failure of flame resistance as set forth within the garment that plaintiff
21 was wearing, plaintiff asserts on the basis of information and belief that the said lab coat, and the
22 components thereof, and the inherent characteristics and capabilities of the material thereof, and its
23 closure system, and the manner in which it was to be maintained and cleaned, were all so negligently
24 designed, manufactured, implemented, carried out, engineered, supervised, maintained, inspected,
25 constructed, furnished, advertised, wholesaled and retailed to the general public, without inspection
26 for defect that a dangerous condition had been created by said defendants, and each of them. These
27 defects and dangers were known to defendants, or in the exercise of reasonable diligence, should
28 have been known to defendants, to cause a dangerous and abnormally hazardous condition for

1 workers such as plaintiff, who worked within a laboratory utilizing hazardous and flammable
2 substances.

3     20.   Defendants, and each of them, were negligent in failing to warn of said hazards, and
4 were further negligent in failing to provide appropriate and necessary safeguards for a user such as
5 the plaintiff, who would be working in a laboratory with flammable petroleum products.
6 Defendants, and each of them, were possessed of special knowledge with regard to the capabilities
7 and/or limitations of the fabric from which plaintiff's lab coat was made and which was supposed
8 to be flame-resistant, among other things.  In spite of such knowledge, defendants and each of them,
9 failed to take adequate or appropriate precautions, or to give appropriate, adequate or necessary
10 safeguards or warnings to a user of such product, such as the plaintiff.

11    21.   Defendants, and each of them, knew or in the exercise of reasonable diligence, should
12 have known, that plaintiff, a member of the general public, had no knowledge of the limitations or
13 capabilities of the lab coat which was designed, invented, marketed, cleaned and sold by defendants,
14 and each of them.  Said defendants also knew, or in the exercise of reasonable care should have
15 known, that said dangerous or unguarded condition represented an unreasonable risk of harm to
16 persons, including plaintiff, who would utilize such a product without inspection for defect.

17    22.   Notwithstanding the facts alleged above, defendants failed to correct said dangerous
18 condition, representing to the public, including plaintiff, that the lab coat he was wearing was, in
19 fact, flame-resistant and would resist ignition and not continue to burn when removed from an
20 ignition source, and further that the 5-button closure would allow rapid and complete removal of the
21 lab coat in the event of fire.

22    23.   Such claims were false and negligently portrayed and represented the lab coat and its
23 capabilities and characteristics.

24    24.   As a direct and proximate result of the tortious acts, omissions, representations and
25 conduct of defendants, and each of them, plaintiff has sustained severe and permanent scarring and
26 loss of use of limb, as well as loss of bodily parts due to his severe and disabling burn injuries.
27 Plaintiff has sustained injuries which are now permanent, and is certain to sustain and have the need
28 for future medical care and damages, as well.  These injuries include, but are not necessarily limited

to, past and future medical expenses, past and future wage loss, and impact to plaintiff's ability to earn, extreme psychological disability, as well as scarring and disfigurement, and such other and further injuries and damages as will be proven at time of trial herein.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FOR STRICT PRODUCTS LIABILITY

25. Plaintiff repeats and realleges each cause of action of this First Amended Complaint as though fully set forth herein, as well as paragraphs 1-11, inclusive, of this First Amended Complaint.

26. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are or were engaged in the business of designing, inventing, creating, engineering, manufacturing, testing, wholesaling, supplying, distributing, assembling, warning, cleaning, marketing, selling, modifying, placing in the stream of commerce that certain product known and generally described as a flame-resistant lab coat for use in an area such as the laboratory facility at Kern Oil & Refining Company, where plaintiff works.

27. Such coat was sold, designed and distributed as a flame-resistant garment with built-in to the material capability to resist flame and resist ignition and to not continue to burn when removed from the source of ignition.

28. Defendants and each of them failed to mention in the labeling of the said product what its useful life is, its shelf life, if any, and the effect of repeated machine washing and/or dry cleaning with chemicals attendant thereto.

29. At all times herein mentioned, defendants and each of them knew and intended that such products would be purchased for use in the process of workers working in a laboratory setting, and that such lab coat would be used by such consumers as the plaintiff, without inspection for defect and for use in concert with petro chemicals.

30. The said lab coat, at the time that it was placed into the stream of commerce by the defendants, and each of them, was defective in its design, assembly and manufacture, and unsafe for its intended purpose in that the said product and the component parts thereof, including its closure

1  system, and its alleged flame-resistant capability, all failed to afford plaintiff the protection from,
2  or a reasonable amount of safety from, harm and foreseeable risk, including fire in a laboratory,
3  which was inherent in the use of such products. In addition, the said product was further defective
4  in that it failed to warn the user, or those who would maintain it or clean it, of either its useable shelf
5  life, use life, or condition which could degrade or limit its performance in terms of its flame
6  resistance.

7      31.     Defendants, and each of them, knew that by failing to inform individuals such as
8  plaintiff of the limitations of the said lab coat, or its useful life, or safeguards to be employed when
9  cleaned, or dry cleaned, or chemicals which should not be employed in regard thereto, or the
10 limitations imposed by virtue of the closure system of the said coat that it was inherently dangerous
11 when used in the context of a laboratory setting where contact with petrol chemicals and other
12 flammable subjects was commonplace.

13     32.     Said defendants, and each of them knew, or reasonably should have known that the
14 lab coat which was manufactured, advertised, designed, sold, invented and/or cleaned by them, and
15 put into the market without inspection for defect would not provide members of the general public,
16 such as plaintiff, who would use said coat for its alleged protective capabilities the degree or level
17 of protection which he was led to believe that said lab coat possessed.

18     33.     As a result thereof, and on June 3, 2004, plaintiff was severely burned and
19 permanently scarred with third degree burns over 40% of his body and, among other things, the loss
20 of an ear, all because of the failure of the said lab coat to perform as it was intended and as plaintiff
21 was led to believe it would. Moreover, as a result of the closure system on the said lab coat plaintiff,
22 who was engulfed in flame could not readily and easily extricate himself from the lab coat which
23 burned with such severity that the area above and to and including his right clavicle was also burned.

24     34.     As a direct and proximate result of the defects of the said product, as aforesaid, and
25 as a direct result of it being placed into the stream of commerce by said defendants, and thereafter
26 maintained and cleaned by them, plaintiff has sustained permanent injuries and damages as herein
27 set forth.
28 ///

///

///

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### FOR NEGLIGENT MISREPRESENTATION

35. Plaintiff repeats and realleges each cause of action of this First Amended Complaint as though fully set forth herein, as well as paragraphs 1-11, inclusive, of this First Amended Complaint.

36. Defendants VF Imagewear, Inc. formerly known as Bulwark Protective Apparel and Ameripride Services, Inc. dba Ameripride Uniform Services represented to members of the general public, and to plaintiff's employer and an individual such as and including plaintiff, that the said lab coat could and would protect its user from the hazards of inadvertent spill or accident or contact with flame by virtue of the inherent flame-resistant capabilities and characteristics of the fibers of the materials from which the lab coat was made. Said defendants further represented that in the event that the fabric did burn, it would allow quick, easy and safe removal from the wearer such as not to exacerbate such burn injuries; and, that the protective garment plaintiff was wearing when injured was designed in such a matter as to be flame-resistant, resist ignition and to not continue to burn when removed from the ignition source for all of its useful life.

37. Further, said defendants represented that the said garment was designed with an appropriate and safe closure system such that it could be rapidly removed in the event of inadvertent accident and contact with flame such that the wearer, an individual such as plaintiff, could rapidly remove the said lab coat if it became engulfed in flame.

38. Defendants VF Imagewear, Inc. formerly known as Bulwark Protective Apparel and Ameripride Services, Inc. dba Ameripride Uniform Services, further represented that the said lab coat would have an indefinitie useful life, or shelf life, and that it could be readily cleaned or dry cleaned without any aspect of its protective capabilities being degraded thereby.

39. Said representations in fact were not true in that on June 3, 2004, when plaintiff accidentally became fully involved in a laboratory accident wherein his lab coat caught on fire, he was completely engulfed in flame; and, his lab coat caught fire and remained on fire, with plaintiff

being unable to open said coat. In the area immediately above the right clavicle the said coat super-heated and burned through the material and into plaintiff's right clavicle causing severe and disabling injuries, including the loss of plaintiff's right ear, among other things.

40. As a direct and proximate result of said negligent misrepresentations plaintiff sustained permanent and disfiguring burn injuries and damages as herein set forth.

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**FOR BREACH OF EXPRESS WARRANTY**

41. Plaintiff repeats and realleges each cause of action of this First Amended Complaint as though fully set forth herein, as well as paragraphs 1-11, inclusive, of this First Amended Complaint.

42. At all times herein relevant defendants, and each of them, expressly warranted that each of the products and their component parts, and that the cleaning and dry cleaning process that they would subject the subject lab coat to were of merchantable quality and safe for use in the ordinary, intended and foreseeable and expected use; and that such use would not cause the herein described harm and injuries which plaintiff sustained. Said product and its component parts and ingredients and fabric and closure system were not of merchantable quality and were not as warranted by said defendants, and each of them, and as a direct result of plaintiff's reliance upon said warranties, and the breach of said expressed warranties by defendants, plaintiff sustained the injuries and damages as alleged herein.

**FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**FOR BREACH OF IMPLIED WARRANTY**

43. Plaintiff repeats and realleges each cause of action of this First Amended Complaint as though fully set forth herein, as well as paragraphs 1-11, inclusive, of this First Amended Complaint.

44. At all times herein mentioned defendants, and each of them, impliedly warranted that the lab coat and its components parts, fabric and closure system, and ingredients were of

- 15 -
FIRST AMENDED COMPLAINT

merchantable quality and was safe for use in its ordinary, intended foreseeable and expected use and that such use would not cause the injuries and harm described herein.

45. Said product and its component parts, fabric, closure system, and ingredients were not of merchantable quality and were not as warranted by defendants, and each of them, and as a direct result of plaintiff's reliance upon said warranties and the breach of said implied warranties by defendants, plaintiff sustained the injuries and damages as alleged herein.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages in a sum in excess of the jurisdictional limits of this Court all according to proof at time of trial;

2. All medical and incidental expenses, past and future, according to proof at time of trial;

3. Past and future loss of wages and impairment to earning capacity according to proof at time of trial;

4. General damages for scarring and disfigurement according to proof at time of trial;

5. Interest as allowable by law pursuant to California Civil Code §§3288 and 3291; and

6. Such other and further relief as the Court deems just and proper in the premises.

Dated: July 29, 2005               LAW OFFICES OF RICHARD G. TARLOW


                                   BY: BY: /s/ Richard G. Tarlow
                                         Richard G. Tarlow
                                         Attorneys for Plaintiff


Dated: August 29, 2005             LAW OFFICES OF LYLE F. GREENBERG


                                   BY:  /s/ Lyle F. Greenberg
                                         Lyle F. Greenberg
                                         Attorneys for Plaintiff

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6320 Canoga Avenue, Suite 1400 - Trillium Tower East, Woodland Hills, CA 91367-2562. I am a member of the bar of this court, and I have directed the service of this document in this manner.

On August 30, 2005, I served a document described as **FIRST AMENDED COMPLAINT** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope as follows.

  X X  (By Mail) I am familiar with this office's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence is deposited with the U.S. Postal Service, on the same day that it is placed for collection and processing, in a mail box located at 6320 Canoga Avenue, Suite 1400 - Trillium Tower East, Woodland Hills, CA.

I placed this/these sealed envelope(s) addressed as described below, for collection and processing on following ordinary business practices:

| | |
|---|---|
| James D. Savage, Esq.<br>DeAnn Flores Chase, Esq.<br>Ford, Walker, Haggerty & Behar<br>One World Trade Center, 27th Floor<br>Long Beach, California 90831-2700 | Stephen Acker, Esq.<br>Leslie Anne Burnet, Esq.<br>Acker, Kowalick & Whipple, A Prof. Corp.<br>600 North Grand Avenue<br>Los Angeles, California 90012 |
| William T. Helms, Esq.<br>State Compensation Insurance Fund<br>9801 Camino Media, Suite 102<br>Bakersfield, California 93311-1303 | George Muhar, Esq.<br>Muhar, Roberts, Fama, Kramer & Monty<br>One Front Street, # 500<br>San Francisco, California 94111 |

 XX   (Federal)    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 30, 2005, at Woodland Hills, California

                                            /s/ Michael M. Hernandez
                                            Michael M. Hernandez

PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6320 Canoga Avenue, Suite 1400 - Trillium Tower East, Woodland Hills, CA 91367-2562. I am a member of the bar of this court, and I have directed the service of this document in this manner.

On August 30, 2005, I served a document described as **STIPULATION AND ORDER RE: -FILING OF FIRST AMENDED COMPLAINT, -CONTINUING INSPECTION COMPLETION DATE,DESTRUCTIVE TESTING COMPLETION DATE** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope as follows.

  X X  (By Mail) I am familiar with this office's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence is deposited with the U.S. Postal Service, on the same day that it is placed for collection and processing, in a mail box located at 6320 Canoga Avenue, Suite 1400 - Trillium Tower East, Woodland Hills, CA.

I placed this/these sealed envelope(s) addressed as described below, for collection and processing on following ordinary business practices:

James D. Savage, Esq.  
DeAnn Flores Chase, Esq.  
Ford, Walker, Haggerty & Behar  
One World Trade Center, 27th Floor  
Long Beach, California 90831-2700  

Stephen Acker, Esq.  
Leslie Anne Burnet, Esq.  
Acker, Kowalick & Whipple, A Prof. Corp.  
600 North Grand Avenue  
Los Angeles, California 90012  

William T. Helms, Esq.  
State Compensation Insurance Fund  
9801 Camino Media, Suite 102  
Bakersfield, California 93311-1303  

George Muhar, Esq.  
Muhar, Roberts, Fama, Kramer & Monty  
One Front Street, # 500  
San Francisco, California 94111  

  XX   (Federal)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 30, 2005, at Woodland Hills, California

/s/ Michael M. Hernandez  
Michael M. Hernandez

1 **ORDER**

2 Pursuant to the Stipulation of the Parties and Good Cause Appearing therefor,

3 IT IS SO ORDERED.

5 Dated: 9/12/2005

/s/ Sandra M. Snyder
Honorable Sandra M. Snyder
United States District Court Magistrate Judge