IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BUCKNER,<br><br>        **Plaintiff**,<br><br>v.<br><br>E.I. du PONT de NEMOURS and COMPANY (no longer a party) VF IMAGEWEAR, INC., formerly known as BULWARK PROTECTIVE APPAREL; AMERIPRIDE SERVICES, INC. dba AMERIPRIDE UNIFORM SERVICES; SYSWA INCORPORATED formerly known as WASHING SYSTEMS, INC.; WASHING SYSTEMS, L.L.C.; and SPRINGFIELD L.L.C.<br>and DOES 1-100, Inclusive,<br><br>        **Defendant**. | CIV- F-05-0156 AWI SMS<br><br>ORDER DISMISSING SYSWA INCORPORATED formerly known as WASHING SYSTEMS, INC., DUE TO PLAINTIFF'S RULE 41(a)(1) VOLUNTARY DISMISSAL |

    On October 12, 2005, Plaintiff filed a notice of voluntary dismissal without prejudice of only Defendant Syswa Incorporated pursuant to Federal Rule of Civil Procedure 41(a)(1).

    In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his

claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No answer to Plaintiff's first amended complaint and no motion for summary judgment have been filed in this case by Syswa Incorporated, and it appears that no such answer or summary judgment motion have been served by Syswa Incorporated. Because Plaintiff has exercised his right to voluntarily dismiss his complaint under Rule 41(a)(1) as to Syswa Incorporated only, Syswa Incorporated is no longer a party to this suit as explained by *Wilson v. City of San Jose*. 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that Defendant Syswa Incorporated is DISMISSED from this case as per Plaintiff's October 12, 2005, Rule 41(a)(1) Voluntary Dismissal.

IT IS SO ORDERED.

**Dated:   October 18, 2005**            /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE