1  ACKER, KOWALICK & WHIPPLE
   A Professional Corporation
2  STEPHEN ACKER, State Bar No. 64996
   LESLIE ANNE BURNET, State Bar No. 134719
3  600 North Grand Avenue
   Los Angeles, California 90012
4  Phone: (213) 687-3933
   Fax:   (213) 626-3561
5
   Attorneys for Defendant and Cross-Claimant
6  **VF IMAGEWEAR, INC.**, named herein as
   BULWARK PROTECTIVE APPAREL
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  DONALD BUCKNER, | Case No.: **1:05-CV-00156-AWI-SMS** |
| 12          Plaintiff, | (Complaint filed: December 7, 2004) |
| 13     vs. | STIPULATION AND ORDER |
| 14  E.I. du PONT de NEMOURS and COMPANY | GOVERNING CONFIDENTIAL DOCUMENTS |
| 15  (no longer a party); VF IMAGEWEAR, INC. Formerly known as BULWARK PROTECTIVE | |
| 16  APPAREL; AMERPRIDE SERVICES, INC. dba AMERIPRIDE UNIFORM SERVICES; SYSWA | |
| 17  INCORPORATED formerly known as WASHING SYSTEMS, INC.; WASHING | |
| 18  SYSTEMS, LLC; and SPRINGFIELD LLC, | |
| 19          Defendants. | |

20

21      Plaintiff DONALD BUCKNER, and defendants VF IMAGEWEAR, INC. formerly known

22  as BULWARK PROTECTIVE APPAREL; AMERPRIDE SERVICES, INC. dba AMERIPRIDE

23  UNIFORM SERVICES; WASHING SYSTEMS; and SPRINGFIELD LLC, being all of the

24  parties to this action, by and through their respective attorneys of record, have agreed to the terms

25  of the following Order regarding the production of documents and information of a confidential,

26  commercial and proprietary nature by defendants in this matter.  All parties agree that this

27  stipulation may be signed in counter parts.

28      1.     This Order shall govern information embodied in any document produced or to be

produced in response to any formal or informal discovery request made upon the defendants.  It

shall also govern information embodied in deposition transcripts, responses to discovery, or any other papers or materials, as to which proprietary status is requested by the defendants.

2. To perfect the confidential designation and achieve the protection accorded under this Order, the defendant will stamp, mark, or otherwise identify such material as "Confidential." In the case of a deposition or oral examination, counsel for the designating party may, during the deposition, designate that the answer to a question is to be held confidential. In that event, the court reporter will transcribe such questions and answers apart from the regular transcript and submit them directly to the Court under seal.

3. Confidential materials and any copies thereof received pursuant to Paragraph 4 below shall be maintained confidential by the receiving party, his attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter. No confidential material shall be disclosed to anyone else except as provided within this Stipulation and Order, and no use shall be made of such document or material except for the purposes of this litigation.

4. Confidential material shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Independent personnel retained by Counsel of Record to furnish technical or other expert services or advice or to provide expert testimony;

    d. Personnel employed by a party, where genuinely needed, for preparation for the trial of this action.

5. Prior to the disclosure of any Confidential material to any person in accordance with Paragraph 4 above, such person shall execute a "Written Assurance" in the form of Exhibit "A," attached hereto, a copy of which shall be furnished to counsel of record for all parties. Counsel shall maintain a list of all such recipients of Confidential documents to whom this paragraph applies and the original of all Written Assurances required pursuant to this paragraph. Counsel shall provide this list and/or copies of the Written Assurances to the defendant whose

confidential materials are in issue upon written request. However, parties shall not be required to disclose the actual identity of any expert retained or consulted by the party until it is determined that such expert will be a witness at trial. All "consulting" experts shall be required to execute the Written Assurance and counsel shall forward it to counsel for the defendants, along with all materials provided, at the conclusion of the litigation.

6. Only one copy of any requested documents or information shall be provided upon request to the requesting party's designated attorney of record. The Confidential material received shall be controlled and properly secured by that attorney to prevent unauthorized access to or reproduction of the information and documentation designated as Confidential. As it is contemplated that multiple copies of the Confidential documents will be made, a record shall be maintained of the persons receiving or reviewing said documents.

7. If any Confidential document or material is filed with this Court, including any pleading incorporating Confidential material, it shall be filed in a sealed envelope on which the following legend shall prominently appear: "*DONALD BUCKNER vs. E.I. du PONT de NEMOURS and COMPANY et al.*, Case No. 1:05-CV-00156-AWI-SMS; Confidential - This envelope contains documents or other material filed by defendants E.I. du PONT de NEMOURS and COMPANY (no longer a party); VF IMAGEWEAR, INC. formerly known as BULWARK PROTECTIVE APPAREL; AMERPRIDE SERVICES, INC. dba AMERIPRIDE UNIFORM SERVICES; WASHING SYSTEMS; and SPRINGFIELD LLC; it shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court."

8. In the event that the parties hereto disagree as to whether the classification of a document or other information should remain confidential, a party wishing to use it without restriction shall first seek permission from the defendant whose confidential materials are in issue. If no agreement can be reached, the seeking party may file a motion for the Court to consider the document and determine its confidential character. Any such motion must be supported by a showing of good cause.

9. Within 30 days after the termination of this lawsuit, all documents and other information then subject to this Order, all copies or portions thereof and all memoranda or other material describing or relating to information subject to this Order shall be returned to the

1  producing party, including those in the possession or control of any expert. Trial counsel for each
2  party shall file a declaration under oath averring that this requirement has been fully complied
3  with.
4       10.   This Order shall remain in effect until such time as it is modified, superseded or
5  terminated by order of this Court.

7  DATED: March  10,  2006         ACKER, KOWALICK & WHIPPLE
                                    A Professional Corporation

10                                  By:   /s/ Stephen Acker
                                          STEPHEN ACKER
11                                        Attorneys for Defendant, Cross-Claimant, and Cross-
                                          Defendant VF IMAGEWEAR, INC., named herein
                                          as BULWARK PROTECTIVE APPAREL

13  DATED: March  10,  2006         LAW OFFICES OF RICHARD G. TARLOW

15                                  By:   /s/ Richard G. Tarlow
                                          RICHARD G. TARLOW
16                                        Attorneys for Plaintiff DONALD BUCKNER

18  DATED: March  10,  2006         LAW OFFICES OF LYLE F. GREENBERG

20                                  By:   /s/ Lyle F. Greenberg
                                          LYLE F. GREENBERG
21                                        Attorneys for Plaintiff DONALD BUCKNER

22  DATED: March  10,  2006         FORD, WALKER, HAGGERTY & BEHAR, LLP

24                                  By:   /s/ DeAnn Flores Chase
                                          DeANN FLORES CHASE
25                                        Attorneys for Defendant, Cross-Claimant and Cross-
                                          Defendant AMERIPRIDE SERVICES, INC., doing
26                                        business as AMERIPRIDE UNIFORM SERVICES

| | | |
|---|---|---|
| 1 | DATED: March _10,_ 2006 | STATE COMPENSATION INSURANCE FUND |

By:  /s/ William T. Helms
WILLIAM T. HELMS
Attorneys for Intervenor STATE COMPENSATION INSURANCE FUND

DATED: March _10,_ 2006        MUHAR, ROBERTS, FAMA, KRAMER & MONTY

By:  /s/ George Muhar
GEORGE MUHAR
Attorneys for Cross-Defendant SPRINGFIELD LLC

DATED: March _10,_ 2006        LAW OFFICE OF SAMUEL GRADER

By:  /s/ Samuel Grader
Attorneys for Defendant WASHING SYSTEMS

IT IS SO ORDERED.

Dated:    **March 17, 2006**              /s/ **Sandra M. Snyder**
icido3                                    UNITED STATES MAGISTRATE JUDGE