IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD BUCKNER,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**E.I. DU PONT DE NEMOURS AND AND COMPANY, et al.,**<br><br>　　　　**Defendants**<br><br>**AND RELATED CROSS-ACTION(S)** | CV F 05-0156 AWI SMS<br><br>ORDER DISMISSING DEFENDANT AMERIPRIDE, DEFENDANT WASHING, AND DEFENDANT SPRINGFIELD<br><br>[Document #118] |

　　　This action arises out of an accident in which Plaintiff Donald Bucker ("Buckner") was injured when his lab coat caught on fire, resulting in Buckner being severely burned.   Buckner sues VF Imagewear Inc., named in the complaint as Bulwark Protective Apparel ("VF Imagewear"), Ameripride Uniform Service ("Ameripride"), Springfield LLC. ("Springfield"), and, Washing Systems LLC ("Washing").

　　　In April 2006, Ameripride, Sprngfield, and Washing filed motions for a determination of good faith settlement.  VF Imagewear opposed the other defendants' motions.  Buckner filed statements in support of Springfield's, Ameripride's and Washing's motions for a determination of good faith settlement.   On May 8, 2006, the court held a hearing.   On May 12, 2006, the court granted Springfield's, Ameripride's and Washing's motions for a determination of good faith settlement.   The court ordered Buckner to file papers to dismiss Springfield, Ameripride, and Washing within twenty days.

On June 1, 2006, Buckner filed a request to dismiss Springfield, Ameripride, and Washing from this action in light of the court's finding of a good faith settlement.

Rule 41(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) **By Plaintiff; by Stipulation**. . . . an action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared . . . .
>
> (2) **By Order of Court**. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper.

Rule 42(a)(2) allows the court to grant a plaintiff's dismissal motion with appropriate terms and conditions to protect the defendant from prejudice. U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1145 (9th Cir. 1988). A motion under Rule 42(a)(2) "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919, 921 (9th Cir.1989). In ruling on a motion for voluntary dismissal under Rule 41(a)(2), the district court must consider whether the dismissal will result in some plain legal prejudice to the defendant. Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir.1982). Legal prejudice requires "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir.1996). For the reasons cited in the court's May 12, 2006 order, the court finds that no legal prejudice will result if the court grants Buckner's Rule 41(a)(2) request and dismisses Ameripride, Washing, and Springfield from this action.

Accordingly, the court ORDERS that:

1. Buckner's request for dismissal with prejudice of certain defendants is GRANTED; and
2. Ameripride, Washing, and Springfield are DISMISSED from this action with prejudice.

IT IS SO ORDERED.

**Dated:   June 5, 2006**            /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE