# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD BUCKNER,** | CIV- F-05-0156 AWI SMS |
|        **Plaintiff**, | ORDER CLOSING CASE IN LIGHT OF STIPULATION OF DISMISSAL WITH PREJUDICE |
| v. | |
| **E.I. du PONT de nemours, et al.,,** | |
|        **Defendants**. | |

On July 18, 2006, Plaintiff and Defendant VF Imagewear, Inc., dba Bulwark Protective Apparel filed a stipulation for dismissal of the claims against Defendant VF Imagewear Inc. with prejudice. All other Defendants have previously been dismissed from this action. The notice of dismissal was signed by all parties who remain in this action.

Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.

1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.

Because a stipulation for dismissal of the claims against VF Imagewear, Inc. with prejudice has been filed and signed by all parties who remain in this action, as required by Rule 41(a)(1)(ii), the case against VF Imagewear, Inc. has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189.

Therefore, IT IS HEREBY ORDERED that:

1. Defendant VF Imagewear, Inc. is DISMISSED from this action in light of the filed and properly signed Rule 41(a)(1)(ii) stipulation of dismissal with prejudice; and
2. All Defendants having been dismissed from this action, the Clerk of the Court is DIRECTED to dismiss this action and close the file.

IT IS SO ORDERED.

**Dated:   July 19, 2006**              _____/s/ Anthony W. Ishii_____
0m8i78                                                    UNITED STATES DISTRICT JUDGE